Seawell, J.
delivered the opinion of the Court.
*274 The indictment contains two assignments of perjury; the first, that the Defendant swore that he did not know a writ ^was returned against him in the above suit, with the allegation that the same was false, and within the Defendant’s knowledge. The evidence offered is an affidavit in which the Defendant had sworn that he did not know that a writ was returned against him in the above case:—There is another assignment in the in* dictment, which it is unnecessary to notice. The Jury upon this evidence found the Defendant guilty, and a motion was made for a new trial upon this ground, that the affidavit was improperly admitted—and it has been insisted, that inasmuch as thp assignment and affidavit differ in a word, that therefore ft was not supported by the evidence—-apd the case from Qo-wper, has been relied on, where Lord Mansfield says the true distinction is,that Where the wprd mis-recited is sensible, then it is fatal J consider that case as good Law ; but it applieá only to cases where the tenor is undertaken tp be recited, ip which if the recital be variant, in a word or letter, so thereby tp create a different -word, it is fatal.—The pre* gent case is only pretended in the indictment to be a statement of the substance of the affidavit. And the whole body of authority maintains, that whenever a statement of the substance and effect be sufficient in the proceeding, |hat evidence of the substance and effect will also suffice ; it would be strange if it did not. Lord Holt, in the Queen v. Dr. Drake, by way of illustration, says, that where only the sense and meaning are professed to be selj put, that it may be done by translating it into Latin. The p&tóefluence is that the evidence was properly admitted, and the rule for a new trial must be discharged» *